PEOPLE v. ANGLO–AMERICAN SAVINGS & LOAN ASS'N OF NEW
YORK.

In re DAVIS et al.

(Supreme Court, Appellate Division, Second Department.   November 28, 1906.)

MOTION—PLACE OF MAKING.

    Where, in an action for the dissolution of a moneyed domestic corpora-
tion pending in Kings county, the Attorney General moved before the
Supreme Court at Special Term in Albany county for the passing of the
accounts of the receiver, and due notice was given all interested parties,
and no opposition to the motion was made on the ground that it was not
made in the proper place, the corporation would not be heard in Kings
county on a motion to vacate the order made in Albany county granting the
motion on the ground of irregularity; the court having had jurisdiction.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, § 6.]

Appeal from Special Term, Kings County.

Suit by the people to dissolve the Anglo-American Savings & Loan
Association of New York, a corporation.   The people appeal from an
order vacating an order settling and passing the accounts of the per-
manent receiver.   Reversed, and motion denied.

See 94 N. Y. Supp. 1113.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
HOOKER, and GAYNOR, JJ.

Myer Nussbaum, Charles A. Deshon, and Alexander T. Mason, Dep-
uty Atty. Gen., for appellants.

Edward P. Lyon and George W. McKenzie, for respondents.

GAYNOR, J.   This action for the dissolution of a domestic moneyed
corporation was pending in the county of Kings, but the Attorney
General gave notice of motion before the Supreme Court at Special
Term in Albany county for the passing of the accounts of the receiver.
Due notice of the motion was given to every one interested, but no op-
position to the motion or objection that it was not made in the proper
place was made.   After thus acquiescing in the motion being heard in
Albany county, the respondents had no standing to make a motion in
Kings county to vacate the order made in Albany county on the ground
of irregularity.   There was jurisdiction; the Supreme Court had juris-
diction; the question of the county in which the motion should be made
was one of regularity only.

The order should be reversed, and the motion denied.

Order reversed, with $10 costs and disbursements, and motion denied,
with costs.   All concur.